UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LJK Companies, Inc.
d/b/a Travelliance,

        Plaintiff,

vs.

Travalliance, LLC,

        Defendant.

Civil File No. _____

## COMPLAINT AND JURY DEMAND

LJK Companies, Inc. d/b/a Travelliance ("Travelliance"), by and through its undersigned counsel, for its Complaint against Travalliance, LLC ("Travalliance") states and alleges the following.

### THE PARTIES

1. Travelliance is a Minnesota corporation with its principal place of business at 10225 Yellow Circle Drive, Minnetonka, MN 55343.

2. Upon information and belief, Travalliance is a New Jersey limited liability company with its principal place of business at 593 Rancocas Road, Westampton, NJ 08060.

## NATURE OF ACTION

3. This is an action for trademark infringement, violation of the Minnesota Deceptive Trade Practices Act at Minn. Stat. § 325D.43 to 325D.48, and unfair competition under the common law of the State of Minnesota,

4. As set forth below, Travalliance has willfully infringed Travelliance's trademark rights in its trademark, TRAVELLIANCE, causing irreparable injury to Travelliance in violation of state and federal law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1338(b) (pendent unfair competition claims). The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

7. This Court has personal jurisdiction over Travalliance by virtue of Travalliance's contacts with the State of Minnesota. On information and belief, Travalliance has used the infringing mark in the State of Minnesota and has made sales under the infringing mark in the State of Minnesota.

## TRAVELLIANCE TRADEMARK RIGHTS

8. Travelliance is a leader in crew and employee travel management. Companies in many industries save money by outsourcing their crew and employee travel management to Travelliance.

9. Travelliance owns U.S. Trademark Application No. 85/197,528 for the trademark TRAVELLIANCE for use with "business services, namely, meeting planning services, auditing and billing services; travel, transportation and lodging administrative services, namely, planning and coordinating transportation and lodging of people for others; information technology services; planning and coordinating emergency travel arrangements for others; administration of resort lodging services; hotel services; [and] bill payment services." The application has a priority filing date of December 14, 2010.

10. Travelliance has been using the TRAVELLIANCE trademark since at least May, 2011.

11. As a result of the widespread use and display of the TRAVELLIANCE trademark, the public and the trade associate the TRAVELLIANCE trademark exclusively with Travelliance.

## TRAVALLIANCE'S WRONGFUL CONDUCT

12. On February 7, 2011, Travalliance filed an "intent to use" application with the United States Patent and Trademark Office to register the trademark TRAVALLIANCE for use with various travel-related services.

13. At the time that Travalliance filed its application to register the TRAVALLIANCE trademark, Travelliance had already applied to register the TRAVELLIANCE trademark.

14. Later, Travalliance began using the TRAVALLIANCE trademark. On information and belief, Travalliance began using the mark on or about August 1, 2011. Travalliance operates a website at www.travalliance.com.

15. Travalliance offers travel services under the TRAVALLIANCE trademark. On its website, Travalliance states that it provides "cutting-edge media, education and relationship marketing, and consumer engagement products that connect leisure travel brands to agents and millions of their customers."

16. The TRAVALLIANCE trademark is confusingly similar to Travelliance's TRAVELLIANCE trademark.

17. Travalliance began using the TRAVALLIANCE trademark after Travelliance began using its TRAVELLIANCE trademark, and after Travelliance had applied to register the trademark.

18. Travalliance applied to register the TRAVALLIANCE trademark in connection with a description of its goods and services that fell within eight International Classes within the United States Trademark Office classification system.

19. The United States Trademark Office refused to register the application for TRAVALLIANCE because the mark in connection with Travalliance's goods and services is confusingly similar to Travelliance's TRAVELLIANCE trademark.

20. In order to overcome this refusal and facilitate some form of registration, Travalliance removed seven classes of goods and services in their entireties from its application and substantially revised the description of its services in the remaining class to artificially distance those services from the services listed in the TRAVELLIANCE application.

21.     Travelliance sent a cease and desist letter to Travalliance demanding that Travalliance stop using the TRAVALLIANCE trademark.  Travalliance refused to stop using the trademark.

22.     Travalliance's conduct in using the TRAVALLIANCE trademark is unauthorized.

23.     Travalliance's use of the TRAVALLIANCE trademark is a deliberate attempt to trade on the valuable trademark rights and the substantial good will Travelliance owns in the TRAVELLIANCE trademark.

24.     The foregoing allegations are incorporated in the claims below.

**COUNT ONE**
**TRADEMARK INFRINGEMENT**
**IN VIOLATION OF 15 U.S.C. § 1125(a)**

25.     Travelliance re-alleges and incorporates by reference the previous allegations as if fully set forth herein.

26.     Continuously since on or before May 23, 2011, Travelliance has used the TRAVELLIANCE trademark in connection with and to identify its travel services and to distinguish its services from similar services offered by other companies.

27.     Travalliance has infringed Travelliance's trademark rights in its TRAVELLIANCE trademark through various acts, including, without limitation, the selling, advertising and promotion of products and services bearing the TRAVALLIANCE trademark.

28. Travalliance's use of the TRAVALLIANCE trademark and the internet domain address www.travelliance.com is without permission or authority from Travelliance and is likely to cause confusion, to cause mistake and/or to deceive.

29. Travalliance's conduct constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, to the substantial and irreparable injury of the public and of Travelliance's business reputation and good will.

30. Travalliance's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Travelliance's business, reputation and good will in its TRAVELLIANCE trademark.

31. Travelliance has been damaged by Travalliance's infringement in an amount to be proven at trial.

## COUNT TWO
## VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES ACT

32. Travelliance re-alleges and incorporates by reference the prior allegations as if fully set forth herein.

33. Travelliance's TRAVELLIANCE trademark is a "trademark" as defined in Minn. Stat. § 325D.43.

34. Travelliance has used its TRAVELLIANCE trademark in Minnesota and, on information and belief, Travalliance has engaged in the conduct described in this Complaint in Minnesota.

35. Travalliance's conduct constitutes unfair and deceptive acts and practices in violation of the Minnesota Deceptive Trade Practices Act.

36. Travalliance's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Travelliance's business, reputation and good will.

37. As a result of Travalliance's wrongful conduct, Travelliance is entitled to an injunction and an award of attorneys fees under Minn. Stat. § 325D.45.

## COUNT THREE
## UNFAIR COMPETITION

38. Travelliance re-alleges and incorporates by reference the prior allegations as if fully set forth herein.

39. Travalliance's activities as stated herein constitute unfair competition and an infringement of Travelliance's rights in the TRAVELLIANCE trademark.

40. Travalliance's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Travelliance's business, reputation and good will.

41. Travelliance has been damaged by Travalliance's conduct in an amount to be proven at trial.

### JURY DEMAND

42. Travelliance demands a jury trial.

**WHEREFORE**, Travelliance asks the Court to:

1. Preliminarily and permanently enjoin Travalliance and its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with Travalliance from engaging in the following activities:

(a) Using the TRAVALLIANCE trademark or any other trademark that is confusingly similar to Travelliance's TRAVELLIANCE trademark;

(b) Advertising, displaying, selling, exporting or otherwise distributing (whether in paper or electronic form), any and all advertising, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets and the like, as well as any goods or services, containing the TRAVALLIANCE trademark, or any other trademark that is confusingly similar to Travelliance's TRAVELLIANCE trademark;

(c) Registering, attempting to register, or maintaining any trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the TRAVALLIANCE trademark, or any other trademark that is confusingly similar to Travelliance's TRAVELLIANCE trademark;

(d) Committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Travelliance's rights in the TRAVELLIANCE trademark, or to confuse, mislead, or deceive customers as to sponsorship, approval or affiliation of Travalliance with Travalliance; and

(e) Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

2. Enter judgment for Travelliance on its claims and require Travalliance to account to Travelliance for Travalliance's profits and the actual damages suffered by Travelliance as a result of Travalliance's acts of infringement, together with interest, and

that Travelliance's recovery be trebled under Section 35 of the Lanham Act (15 U.S.C. §1117).

3. Require Travalliance to surrender for destruction all name-plates, labels, advertisements, and other materials incorporating or reproducing the infringing TRAVALLIANCE trademark, pursuant to Section 36 of the Lanham Act (15 U.S.C. §1118), Section 333.28 *et seq*. and 325D.43 through 325D.48 of the Minnesota Statutes and the equitable power of this Court to enforce the common law of the State of Minnesota.

4. Enter judgment requiring Travalliance to pay Travelliance's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117) and Section 333.29 and 325D.45 of Minnesota Statutes.

5. Grant such other and further relief as may be just and equitable.

Dated:  November 14, 2011         s/ Lora M. Friedemann
                                  Lora M. Friedemann (#259615)
                                  Laura L. Myers (#387116)
                                  FREDRIKSON & BYRON, P.A.
                                  200 South Sixth Street, Suite 4000
                                  Minneapolis, MN 55402-1425
                                  (612) 492-7185
                                  (612) 492-7077 (fax)

                                  **ATTORNEYS FOR PLAINTIFF**

5008855_1.DOC